# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH GRIFFIN, JR.,**

    Petitioner,

    v.                                                            Case No. 17-CV-1508

**MICHAEL DITTMANN,**

    Respondent.

## RECOMMENDATION TO DISMISS
## PETITION FOR WRIT OF HABEAS CORPUS ON RULE 4 REVIEW

Keith Griffin, Jr., is currently incarcerated at Columbia Correctional Institution pursuant to a Wisconsin state-court judgment of conviction. He has filed a federal habeas petition alleging that he is in custody in violation of the Constitution and laws of the United States because his appellate counsel provided ineffective assistance, the Wisconsin Court of Appeals erroneously denied to review his state habeas petition and declined to extend controlling case law, and he was entrapped. For the following reasons, the Court will recommend that Mr. Griffin's petition be dismissed on preliminary review.

## I.    Factual and Procedural Background

Following a jury trial, Mr. Griffin was convicted in Sheboygan County Circuit Court on June 20, 2002, of possession with intent to deliver cocaine. *See* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody 2, ECF No. 1. He appealed his judgment of conviction through the Wisconsin

Supreme Court, which denied his petition for review on November 17, 2004. Pet. 3. Mr. Griffin did not seek review by the United States Supreme Court. Pet. 4.

On September 28, 2015, Mr. Griffin filed a post-conviction motion alleging ineffective assistance of trial, post-conviction, and appellate counsel. The trial court denied his motion without a hearing, and the Wisconsin Court of Appeals affirmed. Pet. 4–5. Mr. Griffin did not seek review by the Wisconsin Supreme Court. Thereafter, Mr. Griffin filed several habeas corpus petitions, each of which was denied by the Court of Appeals. Pet. 5–6.

On November 2, 2017, Mr. Griffin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was randomly assigned to this Court, and Mr. Griffin subsequently consented to magistrate judge jurisdiction. *See* Consent to Proceed Before a U.S. Magistrate Judge, ECF No. 7 (citing 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b)). Mr. Griffin has paid the $5.00 filing fee. The respondent has not yet appeared in this action.

## II. Discussion

According to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, district courts must promptly review habeas petitions filed pursuant to § 2254. Rule 4 states, in relevant part, as follows:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During this initial review, the Court generally analyzes three issues: whether the petitioner has set forth cognizable constitutional or federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely.

On November 9, 2017, the Court issued an order expressing its belief that Mr. Griffin did not timely file his Petition according to 28 U.S.C. § 2244(d) and providing him an opportunity to respond to that preliminary finding. *See* Order 2–4, ECF No. 8. In response, Mr. Griffin appears to concede that his Petition is untimely under § 2244(d). *See* Petitioner's Response to Motion to Dismiss Habeas Petition as Untimely, ECF No. 9. He nevertheless asks the Court to review the merits of the Petition because "(1) the untimely filing of the petition was brought on by extraordinary circumstances that [were] out of [his] control and (2) failure to review the petition will result in a fundamental miscarriage of justice." Pet'r's Resp. 1.

**A. Whether Mr. Griffin's Petition is subject to equitable tolling**

The Supreme Court has determined that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). As such, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (7th Cir. 2005)). "The habeas petitioner bears the burden of demonstrating both elements of the *Holland* test." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citing *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008)).

3

Equitable tolling, however, is "rarely granted." *Carpenter*, 840 F.3d at 870 (quoting *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013)).

The Court declines to apply equitable tolling here. First, Mr. Griffin has failed to demonstrate extraordinary circumstances beyond his control justifying equitable tolling in this case. He claims that his state appellate counsel failed to inform him of the federal habeas corpus deadline and that he was not competent to seek such relief on his own. Pet'r's Resp. 1. These allegations, however, do not rise to the level of "extraordinary circumstances" under the second prong of *Holland*. Assuming that Mr. Griffin's state lawyer did fail to inform him of his federal filing deadline, Mr. Griffin's Petition is still more than ten years too late. Surely counsel's alleged failure to inform is not wholly to blame for Mr. Griffin sitting on his rights that entire time.

Moreover, Mr. Griffin has not been pursuing his rights diligently. He has not submitted any evidence to support his claim of mental incompetence. *See* Pet'r's Resp. 1–2. A review of the docket in Mr. Griffin's state case shows that competency was never an issue there. *See* Wisconsin Circuit Court Access, https://wccabeta.wicourts.gov/case.html (search for Keith Griffin, Sheboygan County Case Number 2002CF000158) (last visited Dec. 6, 2017).[1] And Mr. Griffin's filings to date do not give the Court any reason to question his competence here. In the

---

[1] A court may take judicial notice of public records available on government websites. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).

4

absence of any medical record or other objective evidence vouching for Mr. Griffin's alleged somnolence, it defies belief that Mr. Griffin became incompetent after the conclusion of direct review and suddenly regained it ten years later.

Accordingly, Mr. Griffin has failed to meet his burden on both prongs of the *Holland* test.

### B. Whether failure to review the merits of Mr. Griffin's Petition would result in a fundamental miscarriage of justice

To establish a miscarriage of justice, a habeas petitioner "must demonstrate that he is actually innocent of the crime for which he was convicted—that is, he must convince the court that no reasonable juror would have found him guilty but for the errors allegedly committed by the state court." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Mr. Griffin has failed to meet the high burden of demonstrating that a miscarriage of justice would result if his claims were not entertained on their merits. He argues that but for the errors attributable to the state court—his home being searched without a warrant, his trial lawyer providing constitutionally defective representation, and the denial of a fair and impartial trial—"no reasonable juror would have found him guilty." Pet'r's Resp. 2. These alleged errors, however, do not show that Mr. Griffin is actually innocent of drug trafficking. He does not claim that he did not possess cocaine with the intent to distribute it. Rather, he

5

argues that his conviction resulted from several violations of his constitutional rights. A claim of legal innocence cannot excuse his failure to meet the strict one-year filing deadline. *See Bousley*, 523 U.S. at 623–24.

## III. Conclusion

Accordingly, it plainly appears that Mr. Griffin is not entitled to relief in the district court. The Court also finds that Mr. Griffin is not entitled to a certificate of appealability, as he has failed to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2254 Cases. This is so because Mr. Griffin has not demonstrated "that jurists of reason could disagree with the . . . court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, I cannot order the entry of judgment in this action. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017). The matter therefore will be referred to a district judge for review of my recommendations that: (1) Mr. Griffin's Petition be dismissed; (2) this action be dismissed; (3) a certificate of appealability be denied; (4) the Clerk of Court enter judgment accordingly.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Keith Griffin, Jr.'s, Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a

Person in State Custody, ECF No. 1, be **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**FINALLY, IT IS RECOMMENDED** that the Clerk of Court to enter judgment accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this <u>6th</u> day of December, 2017.

                                    **BY THE COURT:**

                                    <u>*s/ David E. Jones*</u>
                                    DAVID E. JONES
                                    United States Magistrate Judge