UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEITH GRIFFIN, JR.,

        Petitioner,

v.                                                      Case No. 17-cv-1508-pp

MICHAEL DITTMAN,

        Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 10), DISMISSING CASE AND DENYING CERTIFICATE OF APPEALABILITY**

---

On December 6, 2017, Magistrate Judge David E. Jones issued a recommendation that the court dismiss the petitioner's *habeas* petition on preliminary review. Dkt. No. 10. Judge Jones advised the petitioner that if he objected to the judge's recommendation, he needed to file his written objections within fourteen days of the date he was served with the recommendation. To date, petitioner has not filed an objection. (It appears that the petitioner now has been released from custody and is on extended supervision. The petitioner has not filed a change of address from with the court, nor did he notify the court of his release.)

Under Fed. R. Civ. P. 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This

1

court must decide only whether Judge Jones' report and recommendation are clearly erroneous. The court concludes that they are not.

When granting the petitioner leave to proceed without paying the filing fee, Judge Jones noted that the petitioner appeared to have been filed his *habeas* petition more than eleven years after the statute of limitations had run. Dkt. No. 8 at 3. The petitioner filed a response, arguing that there were extraordinary circumstances outside of his control that explained why he missed the statute of limitations deadline; he asserted that his state appellate counsel had "abandoned" him without informing him of the federal *habeas* deadline, and that he was mentally incompetent to seek *habeas* relief prior to the statute of limitations deadline. Dkt. No. 9 at 1. He indicated that he did not become competent until "around July of 2015." Id. at 2. He stated that he had been trying to exhaust his state remedies since then. Id. The petitioner also told Judge Jones that failure to review and grant his petition would result in a fundamental miscarriage of justice, because no reasonable juror would have found him guilty without the state court's alleged errors. Id.

The petitioner filed his federal *habeas* case on November 2, 2017. Dkt. No. 1. He appears to have appealed his state judgment and conviction; the court of appeals ruled against him, he says, in June 2004, and he says his petition for review was denied in November 2004. Dkt. No. 1 at 3. So the petitioner filed his federal *habeas* more than twelve years after his direct appeal became final. He indicates that he filed a post-conviction motion in September 2015, that the court denied the motion, and that he did not appeal to the

2

highest court in the state. Id. at 4-5. He also filed a state *habeas* petition in November 2015; that petition was denied in July 2017, and when asked whether he appealed to the highest court in the state, the petitioner responded that he was "denied access" to the courts by the DOC. Id. at 5. He filed another *habeas* petition in the Wisconsin Court of Appeals; he does not say when he filed it, but the case number shows it was filed in 2017. Id. at 5-6. He says that petition was denied on April 3, 2017, and that he did not appeal it to the highest court. Id. at 6. By the petitioner's own account, then, he did not file his petition until over twelve years after the one case in which he had exhausted his remedies became final.

In his recommendation, Judge Jones considered whether the petitioner's explanation for his delay—that he was mentally incompetent to seek *habeas* relief until July 2015, and that failure to review and grant his petition would constitute a miscarriage of justice—provided a basis for "equitably tolling" the federal *habeas* statute of limitations. Dkt. No. 10 at 3. He noted that under Holland v. Florida, 560 U.S. 631 (2010), a court could equitably toll the federal *habeas* statute of limitations, but also pointed out that the burden is on the petitioner to show that there was some extraordinary circumstance that had prevented him from filing timely. Id., citing Carpenter v. Douma, 840 F.3d 867, 870 (7th Cir. 2016). Judge Jones exercised his discretion, and declined to apply the equitable tolling doctrine, noting that while the petitioner claimed that he had not been competent to pursue federal *habeas* relief until July 2015, he had provided no evidence or proof that his competency ever was at

issue. Id. at 4. Judge Jones even looked on the Wisconsin Circuit Court Access web site, and reviewed the docket in the petitioner's case; he could find no indication that the petitioner ever had raised his competency in that case. Id. (This court reviewed the same docket, and comes to the same conclusion.) Judge Jones found that, without medical records or some other evidence showing that the petitioner ever was incompetent, the petitioner had not demonstrated the "extraordinary circumstances" necessary to support application of the equitable tolling doctrine. Id.

As to the petitioner's claim that failure to review and grant his petition would result in a miscarriage of justice because he was actually innocent, Judge Jones correctly concluded that the petitioner had not provided any evidence that he did not possess the cocaine with the intent to distribute it. Without such proof, the petitioner cannot sustain a claim of actual innocent, or demonstrate a miscarriage of justice.

The court agrees with all of Judge Jones's conclusions, and finds that his recommendation that this court dismiss the petition was not clearly erroneous.

The court **ADOPTS** the recommendation of the magistrate judge to dismiss the *habeas* petition on preliminary review and deny a certificate of appealability. Dkt. No. 10.

The court **ORDERS** that this case is **DISMISSED** as untimely filed. The court **DENIES** a certificate of appealability. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannon extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 22nd day of January, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**